**Stephen BACCARI et al.**

v.

**Walter DONAT et al.**

**No. 98–275–Appeal.**

Supreme Court of Rhode Island.

Dec. 1, 1999.

Stephen P. Sheehan, Providence, for plaintiff.

David W. Carroll, Providence, for defendant.

Present LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The plaintiffs, Stephen and Delores Baccari (the Baccaris), appeal from a Superior Court judgment in favor of the defendants, Rhode Island Hospital (the hospital), and three individual physicians, Walter Donat, Richard Millman and James Klinger. The Baccaris are appealing the Superior Court judgment only as it concerns the hospital. They contend that the trial justice's instructions to the jury regarding the standard of care required of the hospital's resident physicians (the residents) were erroneous. We ordered the parties to show cause why we should not summarily decide the issues presented on appeal. No cause having been shown, we proceed to decide the issues before us.

In 1998, the Baccaris sued the defendants for medical malpractice, alleging that in 1994 the defendants' negligence caused Stephen Baccari serious injury to both his arms and resulted in the amputation of his left arm above the elbow. Following a jury trial, judgment was rendered in favor of the defendants.

The Baccaris here on appeal assert that the trial justice erred in the course of her instructions to the trial jury by understating the standard of care applicable to the hospital's resident physicians.

The record discloses that the trial justice first instructed the jury that residents were required to exercise the same standard of care applicable "to physicians with unlimited licenses to practice." She later instructed the jury that residents were to be held to the degree of skill and care "which was possessed and exercised by the average resident in emergency room care, pulmonary care, trauma care, plastic surgery care, orthopedic care, vascular care, and general surgical care * * *." She also instructed the jury that a physician

was required to exercise "the degree of care and skill that is expected of a reasonably competent practitioner in the same class to which he or she belongs acting in the same or similar circumstances." Whether that "same class" was intended to refer to the residents or to the "physicians with unlimited licenses to practice" is both perplexing and ambiguous, especially when viewed in light of the trial justice's earlier contradictory standard of care instructions.

■■■ We recognize that "[i]nstructing the jury is one of the most important functions of a trial court." *Smith Development Corp. v. Bilow Enterprises, Inc.*, 112 R.I. 203, 207, 308 A.2d 477, 480 (1973). "[I]t is 'axiomatic that the trial justice [is] obliged to instruct the jury with precision and clarity with respect to the rules of law applicable to the issues raised at trial.'" *Jolicoeur Furniture Co., v. Baldelli*, 653 A.2d 740, 753 (R.I.), *cert. denied,* 516 U.S. 964, 116 S.Ct. 417, 133 L.Ed.2d 335 (1995). "In reviewing a trial justice's charge to a jury, this Court examines the charge 'as a whole in light of the meaning and interpretation that a jury composed of ordinary, intelligent lay persons would give them.'" *Neri v. Nationwide Mutual Fire Insurance. Co.*, 719 A.2d 1150, 1153 (R.I.1998) (quoting *Hueston v. Narragansett Tennis Club, Inc.*, 502 A.2d 827, 829 (R.I.1986)). When reviewing a jury instruction on appeal, we are also mindful that "[t]he reading [of the jury instruction] was not presented to a meeting of the bar association. It was given to a group of laymen." *Smith Development Corp.*, 112 R.I. at 209, 308 A.2d at 481.

■■■ In this case, we must determine whether the juxtaposition of the term "average resident" for that of "physicians with unlimited licenses to practice," when viewed in light of the totality of the jury instruction, was contradictory and could have misled a reasonable jury. After reviewing the entire jury instruction, we are of the opinion that a reasonable jury could have plausibly interpreted the second jury instruction to mean that residents were subjected to a lesser duty of care than physicians with unlimited licenses. This is not the law in Rhode Island. In this jurisdiction residents are held to the same duty of care as other physicians. As a result, we conclude that these contradictory jury instructions relating to the residents' standard of care cannot be reconciled, even considering the jury instruction as a whole, and served to mislead the jury, to the prejudice of the Baccaris.

For the foregoing reasons the Baccaris' appeal is sustained. The Superior Court judgment appealed from is vacated, and we remand this case to the Superior Court for a new trial.

Chief Justice WEISBERGER did not participate.